IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-13-42-R |
| | ) | |
| BARRY WARD, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The Court is in receipt of a letter dated April 19, 2020 from Defendant Barry Ward, wherein he requests that the Court assist him in being released from incarceration or ordered to complete his sentence on home confinement in light of the Covid-19 pandemic. (Doc.No. 17). The Court construes the letter in part as a motion for sentence modification pursuant to the First Step Act of 2018, Pub. L. No. 115-391. Upon review, the Court denies Defendant's requests for either a sentence modification or for an order that he be permitted to complete his sentence on home confinement.[1]

The Court's limited authority to reduce Defendant's sentence under the First Step Act of 2018 is provided by 18 U.S.C. § 3582(c). Under that provision:

> (1) In any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

---

[1] According to the Bureau of Prisons inmate locator Mr. Ward is currently scheduled to complete his sentence in April 2025.

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)-(2).

The only potentially applicable provision, § 3582(c)(1)(A)(i), would require Defendant Ward to establish the existence of "extraordinary circumstances" warranting modification of his sentence. Although the Covid-19 situation at USP Lompoc arguably presents compelling circumstances, section 3582(c)(1)(A) requires either that the motion be filed by the Director of the BOP or that Defendant demonstrate that he exhausted his

administrative remedies within the BOP prior to filing for relief with the Court.[2] Therefore, the Court cannot grant relief pursuant to § 3582(c)(1)(A)(i). *See United States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (denying motion pursuant to § 3582(c)(1)(A) where defendant failed to fully exhaust his administrative remedies within the BOP).

In the letter, Defendant alternatively requests that the Court permit him to complete his sentence on home confinement. "[T]he Bureau of Prisons—not the Court—. . . decides whether home detention is appropriate." *United States v. Boone*, No. CR-18-144-R, Doc. 52, p.3 (W.D. Okla. Nov. 20, 2019); *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006) ("Neither [the Circuit Court] nor the District Court . . . have power to dictate placements to the Bureau of Prisons."). Accordingly, the Court is without authority to direct that Mr. Ward be placed in home confinement.

For the foregoing reasons, the Court denies Defendant Ward's request that the Court modify his sentence or permit him to complete his sentence on home confinement.

**IT IS SO ORDERED** this 30th day of April 2020.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] The Court makes no conclusion about the situation at USP Lompoc.